UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Nikita Biddle, *et al.*,

    Plaintiffs,

v.

City of Chicago, *et al.*,

    Defendants.

Case No. 21 C 1793

Judge Jorge L. Alonso

## Memorandum Opinion and Order

The Court grants Defendants' motions to dismiss (ECF Nos. 42, 45) for the reasons provided below.

## Background

On March 19, 2021, Plaintiffs Nikita Biddle and Chiquita Biddle[1] filed a complaint against Defendants City of Chicago, McDonald's Corp., "Unknown McDonald's Employees," the Chicago Police Department, and "Unknown Police Officers." (ECF No. 1.) Following a dismissal for want of prosecution, the Court reopened the case and the City of Chicago moved to dismiss Plaintiffs' claims against it for failure to state a claim. (ECF Nos. 14, 19, 28.) Plaintiffs did not timely respond to the motion, but over one month later filed a "motion to continue" requesting additional time to respond based on a "crisis that their family is now recovering from." (ECF No. 31.) The Court "view[ed] this explanation as insufficient and lacking any meaningful detail explaining why the Court should give Plaintiffs additional time," but nevertheless gave Plaintiffs "one final extension to file a response." (ECF No. 32.) It also "advise[d] Plaintiffs that it will not grant any further extensions and that a failure to meet this

---

[1] The Court refers to Plaintiffs as "Nikita" and "Chiquita" throughout this opinion.

deadline will result in the Court ruling on Defendants' motion without their input." (*Id.*) Shortly after, Nikita filed a motion for discovery and for a further extension to the response deadline. (ECF No. 33.) The Court denied the motion and reiterated that "the Court is not inclined to grant any further extensions of time to respond to the Defendant's motion." (ECF No. 34.)

Plaintiffs ultimately did not meet the extended deadline to respond to the City of Chicago's motion to dismiss, but instead filed an amended complaint a few months later. (ECF No. 38.) Defendants did not challenge the procedural propriety of Plaintiffs' amended complaint, so the Court denied the City of Chicago's motion to dismiss without prejudice as moot. (ECF No. 39.)

In their amended complaint, Plaintiffs bring various claims stemming from an incident at a McDonald's restaurant on St. Patrick's Day 2019. For example, according to Plaintiffs, after Nikita attempted to redeem a coupon, McDonald's employees would not accept it and asked Nikita to leave, sexually harassed Plaintiffs, and turned off the restaurant's Wi-Fi in response to Plaintiffs' complaints. The restaurant's security officer allegedly starting fighting Nikita and put handcuffs on her while she fought back. Chiquita called the police who, upon arriving, were hostile to Plaintiffs, took Chiquita's phone, hit Nikita, made racist remarks, and sexually assaulted Chiquita. The police arrested Plaintiffs, then took them to a hospital for treatment. Plaintiffs allege various additional misconduct by police officers and McDonald's employees during and after their detention.

In October 2023, the City of Chicago filed its pending motion to dismiss Plaintiffs' amended complaint for failure to state a claim, and the Court gave Plaintiffs until December 7, 2023, to respond. (ECF Nos. 42, 43.) Neither Plaintiff filed a response or requested an extension by that deadline, as the City of Chicago pointed out in its later reply. (*See* ECF No. 48.)

2

In December 2023, McDonald's Corp. filed its own motion to dismiss Plaintiffs' amended complaint for failure to state a claim, and the Court gave Plaintiffs until January 19, 2024, to respond to that motion. (ECF Nos. 45, 47.) On January 19, 2024, Plaintiffs[2] filed a response to McDonald's motion to dismiss, to which McDonald's replied. (ECF Nos. 51, 52.)

In February 2024, Chiquita filed two purported responses to each Defendant's motion to dismiss. (ECF Nos. 53–56.) Chiquita did not request leave to file these documents or explain why they were filed weeks or months after her responses were due. (*See id.*)

## **Legal Standard**

"A motion under Rule 12(b)(6) tests whether the complaint states a claim on which relief may be granted." *Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012). Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement under Rule 8(a)(2) must "'give the defendant fair notice of what . . . the claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Under federal notice-pleading standards, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* Stated differently, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

---

[2] Counsel Danielle Pinkston filed the response on behalf of both Plaintiffs, though she has filed a notice of appearance on behalf of Nikita only. (*See* ECF No. 49.)

3

## Discussion

### I.    The City of Chicago's Motion to Dismiss (ECF No. 42)

In its motion, the City of Chicago presents various reasons why Plaintiffs fail to state a claim against it. For example, the City argues Plaintiffs' amended complaint lacks allegations regarding its involvement in the underlying conduct, Plaintiffs are impermissibly bringing a *respondeat superior* claim against it, Plaintiffs' claims are barred by statutes of limitations, and the Chicago Police Department is not a suable entity.

"Failure to respond to a motion to dismiss constitutes a waiver or concession." *Clinton v. Famous Dave's of Am., Inc.*, No. 22 C 802, 2022 WL 3081762, at *1 (N.D. Ill. Aug. 3, 2022) (citing cases and granting motion to dismiss); *see also Phongsa v. JPMorgan Chase Bank, N.A.*, No. 13 C 5573, 2014 WL 2510203, at *2 (N.D. Ill. June 3, 2014) ("Phongsa had ample opportunity to respond to Chase's motion, and her [pro se] status . . . does not excuse her noncompliance with the scheduling order or her failure to respond to the motion.") (citing cases). As the Court warned Plaintiffs during their first round of failures to timely respond to the City of Chicago's motion to dismiss, their continued failure to meet their response deadlines "will result in the Court ruling on Defendants' motion without their input." (ECF No. 32.) Nikita did not respond at all to the City's current motion to dismiss, and Chiquita filed her response months late and with no explanation or request for the Court to excuse her late filing. (*See* ECF Nos. 54, 56.)

Under Federal Rule of Civil Procedure 6(b)(1)(B), a court "may, for good cause extend" a deadline "on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1). Here, neither Plaintiff requests an extension or attempts to make such a showing, despite Plaintiffs' previous ability to request additional time when they believed it appropriate and the Court's warnings regarding late filings. The Court

4

therefore disregards Chiquita's late filings and grants the City of Chicago's motion to dismiss in light of Plaintiffs' failure to respond. *See Keeton v. Morningstar, Inc.*, 667 F.3d 877, 884 (7th Cir. 2012) ("District courts have considerable discretion to manage their dockets and to require compliance with deadlines.").

## II. McDonald's Motion to Dismiss (ECF No. 45)

The Court next turns to McDonald's motion to dismiss. Among other things, McDonald's argues that it does not own the restaurant where the relevant events took place—that location is instead owned an operated by a franchisee, Karavites Rest. 26 Inc., whose president is Nicholas Karavites. McDonald's thus claims that it is not the proper party to be sued and should be dismissed from this case. In response, Plaintiffs admit that McDonald's is not the proper party to be sued and requests leave to amend Plaintiffs' complaint again to name the proper party.[3] Given Plaintiffs' agreement, the Court dismisses McDonald's as a defendant.

Federal Rule of Civil Procedure 15(a)(2) allows a party to amend its pleading "only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15. Here, Plaintiffs' difficulties in identifying the relevant franchisee rather than McDonald's as the proper defendant present good cause to allow them to amend their complaint to identify the correct defendant.

However, Plaintiffs' request presents an issue from a statute-of-limitations perspective. Because Plaintiffs seek to bring claims against a new defendant, the statute of limitations will be measured against the date of their new complaint unless the complaint relates back to the date of

---

[3] In her late response, Chiquita also "agrees that she does not have the right to sue the McDonald's Corporation so she is asking that they be removed from this lawsuit." (ECF No. 55 at 1.) As already explained, the Court otherwise disregards Chiquita's untimely filing.

their original complaint. As Plaintiffs identify, relation-back of amended pleadings is permitted when:

> the amendment changes the party or the naming of the party against whom a claim is asserted . . . if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment: (i) received such notice of the action that it will not be prejudiced in defending on the merits; and (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed R. Civ. P. 15(c)(1)(C).

A court asks two questions to decide whether an amended complaint relates back in this context: "first, whether the defendant who is sought to be added by the amendment knew or should have known that the plaintiff, had it not been for a mistake, would have sued him instead or in addition to suing the named defendant; and second, whether, even if so, the delay in the plaintiff's discovering his mistake impaired the new defendant's ability to defend himself." *Joseph v. Elan Motorsports Techs. Racing Corp.*, 638 F.3d 555, 559–60 (7th Cir. 2011). Though Plaintiffs identify these requirements, they make no attempt to satisfy them—instead merely stating in a heading that "Plaintiffs' Claims Relate Back." This bare assertion, devoid of any factual support or argument, does not establish that the franchisee, Karavites Rest. 26 Inc., or any other potential defendant, timely received notice of Plaintiffs' action or knew or should have known that the action would have been brought against it. *See United States v. Miles*, 86 F.4th 734, 739 (7th Cir. 2023) (disregarding argument where the party "does not provide support from case law or the factual record"); *United States v. Lanzotti*, 205 F.3d 951, 957 (7th Cir. 2000) ("We repeatedly have made clear that perfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are waived . . . . It is not this court's responsibility to research and construct the parties' arguments."). Indeed, Plaintiffs' response does not even

6

identify the parties they seek to add to this lawsuit in McDonald's place (though presumably it targets Karavites Rest. 26 Inc. and Nicholas Karavites). Plaintiffs thus have not shown that Karavites Rest. 26 Inc., Nicholas Karavites, or anyone else had notice of this lawsuit at the outset and had reason to know that they, rather than McDonald's, would be defendants but for Plaintiffs' mistake. The Court therefore does not find that Plaintiffs' proposed second amended complaint would relate back to their original complaint.

Because Plaintiffs' proposed second amended complaint does not relate back to their original complaint as to additional defendants, the statutes of limitations for Plaintiffs' claims are measured against the date of their requested new complaint, rather than against the date Plaintiffs filed their original complaint. Plaintiffs claim they previously suffered from mental-illness-related disability prior to filing their original complaint. Even assuming that is true, it puts Plaintiffs' claims against new defendants outside the statutes of limitations. The parties agree that Plaintiffs' claims against McDonald's, and therefore against the proposed additional defendants, for false imprisonment and for intentional infliction of emotional distress, have a two-year statute of limitations. *See* 735 ILCS 5/13-202. Plaintiffs' claims against new defendants thus must be brought within two years after their purported disability was removed. According to Plaintiffs themselves, their disability had been removed by the time their filed their original complaint in March 2021. (*See* ECF No. 51 at 3 ("[Plaintiff] filed her complaint when she was not stricken with said disability and it had been removed."). Because over three years have already passed since then, Plaintiffs' claims against the requested additional defendants are time-barred and granting Plaintiffs leave to amend their complaint would be futile. *See Rodriguez v. United States*, 286 F.3d 972, 980 (7th Cir. 2002) ("A district court may properly deny a motion to amend as futile if the proposed amendment would be barred by the statute of limitations.");

7

*King v. One Unknown Fed. Corr. Officer*, 201 F.3d 910, 914 (7th Cir. 2000) (holding "an amended complaint would be futile because it would be barred by the statute of limitations" where plaintiff had not satisfied the relation-back doctrine). The Court thus denies Plaintiffs leave to amend their complaint to add new defendants.

## Conclusion

The Court grants Defendant City of Chicago's motion to dismiss for failure to state a claim (ECF No. 42), grants Defendant McDonald's Corporation's motion to dismiss for failure to state a claim (ECF No. 45), and dismisses Plaintiffs' claims with prejudice.[4] Civil case terminated.

**SO ORDERED.**                                                        **ENTERED: May 31, 2024**

_____
**HON. JORGE ALONSO**
**United States District Judge**

---

[4] To the extent Chiquita's late-filed responses (ECF Nos. 53–56) are styled as "motions," they are denied.